## SITO v SHEPARD

Ohio Appeals, 9th Dist, Lorain Co

No 667.  Decided Oct 20, 1933

Stetson & Butler, Elyria, for plaintiff in error.

D. W. Myers, Elyria, and Richard S. Horan, Elyria, for defendant in error.

**OPINION**

By WASHBURN, PJ.

Upon the whole record, we find against the defendant upon his contention that the verdict and judgment are manifestly against the weight of the evidence.

It is next contended that the trial court erred in the admission of evidence. This claimed error relates to the admission in evidence of certain sections of the ordinance of the city of Elyria governing the rights of the operators of motor vehicles and pedestrians at street intersections.

The ordinance in question relates, in separate sections, not only to the rights of parties using intersections where there are traffic lights, but also at intersections where the movement of traffic is not regulated by police officers or traffic control signals, and of course the parts of the ordinance dealing with rights of parties at intersections where the movement of traffic was not being regulated by traffic signal lights, had nothing whatever to do with the situation presented by the evidence in the case.

That section of the ordinance which was admitted in evidence, over the objection and exception of the defendant, reads as follows:

"Section 15 (a). The operator of any vehicle shall yield the right-of-way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at the end of a block, except at intersections where the movement of traffic is being regulated by police officers or traffic control signals, or at any point where a pedestrian tunnel or overhead crossing has been provided."

The other parts of the ordinance which were introduced we find to have been properly introduced. The section of the ordinance which was introduced and which fixes the rights of the parties at the intersection in question, reads as follows:

"Section 16. On streets where traffic at intersections is controlled by traffic control signals or by police officers, pedestrians shall not cross a roadway against a red or 'stop' signal and shall not cross at any place except in a marked or unmarked crosswalk. A pedestrian crossing or starting across in any such crossing on a green or 'go' signal shall have the right-of-way over all vehicles, including those making turns, until such pedestrian has reached the opposite curb or a safety zone, and it shall be unlawful for the operator of any vehicle to fail to yield the right-of-way to any such pedestrian."

From a comparison of these two sections, it is apparent that section 15 (a) does not add anything to the rights of the parties as provided in section 16, and does not enlarge the duties of the defendant, placed upon him by section 16. When the trial judge came to charge upon the subject of the ordinance, he referred only to section 10 (a) and 16, and he specifically charged the rights and duties of the respective parties in accordance with said sections and did not charge anything in reference to section 15 (a). Under the circumstances we have set forth, we are of the opinion that the error in permitting to be introduced in evidence said section 15 (a), was not prejudicial.

It is also claimed that the court erred in its charge to the jury. One of such claimed errors is the following language, used by the trial judge:

"Negligence in a legal sense consists of some act or omission of duty that in the natural and ordinary course of events might cause all the injuries complained of."

The complaint made is that the court should not have used the word "might," because the negligence of a party is immaterial unless it is the direct and proximate cause of the injuries complained of, and that by the use of said word the jury was permitted to speculate as it might see fit in determining the rights of the parties.

When this language was used, the court was not attempting to cover the subject of proximate cause, and in view of the other parts of the charge defining proximate cause and telling the jury in several places that the defendant's negligence was of no avail to the plaintiff unless it was the direct and proximate cause of his injuries, we do not see how it was possible for the jury to have been misled in any way by the part of the charge of which complaint is made.

The remaining error of which complaint is made is also in reference to the charge of the court, and that we may get a clear understanding of it, we quote quite extensively from the charge, as follows:

"I say to you further that if you find from the evidence that at the time in question the crossing for pedestrians from the south side of Broad Street on the east side of East Avenue north across said Broad street to the north side thereof was marked off by white lines, or was an unmarked crossing, and if you further find from the evidence that there was a traffic signal in operation at said intersection, and you further find from the evidence that the plaintiff entered between such two white lines, or entered said crosswalk if unmarked, to cross said street while said signal was green on the south side thereof, then and in that event, as such pedestrian he had the right, under the ordinance, to complete such crossing on his part, even though while he was proceeding north on said crossing said signal facing eastward turned from red to green, and this right he had against the defendant, whose duty it was to yield the right of way to a pedestrian in the act of crossing said Broad Street within said white lines or on said

crosswalk, if unmarked, at the time the signal changed from red to green in favor of traffic proceeding westward; provided you find from the evidence that the plaintiff exercised ordinary care in thus crossing said Broad Street from south to north.

"I have already quoted to you in my charge the ordinance that has been introduced in evidence. I now requote to you out of said ordinance as follows:

"Section 10 (a). 'Green' or 'Go.' Traffic facing the signal may proceed, except that vehicular traffic shall yield the right of way to pedestrians and vehicles lawfully within the crosswalk or the intersection at the time such signal was exhibited.

"Section 16. On streets where traffic at intersections is controlled by traffic control signals or by police officers, pedestrians shall not cross a roadway against a red or 'stop' signal and shall not cross at any place except in a marked or unmarked crosswalk. A pedestrian crossing or starting across in any such crossing on a green or 'go' signal shall have the right of way over all vehicles, including those making turns, until such pedestrian has reached the opposite curb or a safety zone, and it shall be unlawful for the operator of any vehicle to fail to yield the right of way to any such pedestrian.

"I say to you that a violation of this section quoted on the part of either the plaintiff or the defendant is negligence per se, that is, in and of itself, but such violation of said sections on the part of the plaintiff or the defendant, if you find from the evidence there was any such violation, cannot be charged against either unless you find from the evidence that such violation proximately and directly contributed to bring about the injuries to the plaintiff complained of. * * *

"I say to you further that the violation of any section of this ordinance by either party is not, as a matter of law, conclusive evidence of negligence, but such violation or violations are circumstances to be taken in connection with all the other evidence as bearing upon the claimed negligence of either party, if any."

The complaint is that the court charged that the violation of said section 16 of the ordinance constituted negligence per se, and then said that such violation did not constitute negligence per se.

We think the charge as given is subject to that criticism, but if it appears from the whole record that such inconsistency in the charge could not have been prejudicial to

the defendant, we should not reverse for such error.

In the first place, it should be noted that said instruction was confined to section 16 of the ordinance, and that, so far as the defendant's negligence is concerned, the court properly charged that the violation of said section by the defendant constituted negligence, and the error in later charging that that was not so, instead of being prejudicial to the defendant, was decidedly in his favor.

But it is pointed out that said section of the ordinance places certain duties and obligations upon the plaintiff, and that said charge specifically applies to the question of whether or not the violation of said section by the plaintiff constituted negligence per se, and it is urged that the defendant had a right to have the court charge that such violation on the part of the plaintiff would be negligence per se and that it was not only error but prejudicial error for the court to thereafter charge that the violation of said section of the ordinance was not conclusive evidence of negligence.

This claim of the defendant would be true if there was any evidence in the record tending to prove any violation of said section of the ordinance by plaintiff; but we do not find in the record even a shadow of evidence indicating that the plaintiff violated said section of the ordinance in any manner whatsoever, and from the whole record, we are clearly of the opinion that the defendant was not prejudiced in any way by said mistake of the trial judge. We therefore hold that there was no prejudicial error in the charge of the court.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.